UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

| | |
|---|---|
| GAIL ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MIDFLORIDA CREDIT UNION, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff GAIL ROBINSON (the "Plaintiff") sues Defendant MidFlorida Credit Union (the "Defendant" or "MidFlorida") and alleges:

## NATURE OF THE ACTION

GAIL ROBINSON, Plaintiff in the above-styled case, sues Defendant, MIDFLORIDA CREDIT UNION, for damages arising from the Defendant's violations of 42 U.S.C. § 1981, as amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII"), Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), for race, color, sex and disability/handicap discrimination and retaliation. In support of this Complaint, Plaintiff states as follows:

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(a)(3). This civil action arises under the laws of the United States.

2.      Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. This is also an action for race discrimination and retaliation under 42 U.S.C. § 1981, and disability discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA").

3.      Plaintiff brings this action pursuant to the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq*. ("FCRA").

4.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

5.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been

administered, in Lee County, Florida.

6.     The employment records of Plaintiff are stored or have been administered in Lee County, Florida.

7.     Plaintiff worked for MidFlorida at 804 Cape Coral Parkway East, Cape Coral, Florida 33904.

8.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Lee County, Florida.

## PARTIES

9.     Plaintiff is an adult resident of Lee County, Florida, within the jurisdiction of this Honorable Court.

10.     Defendant is a Florida company doing business at 804 Cape Coral Parkway East, Cape Coral, Florida 33904 in Lee County, Florida, and therefore conducts business within the jurisdiction of this Honorable Court.

11.     Particularly, Defendant is a Credit Union headquartered in and doing business across the state of Florida.  Defendant's has corporate offices at 129 S. Kentucky Avenue, Lakeland, Florida 33801.

12.     The Defendant is duly authorized and existing under the laws of the State of Florida and conducts business in Lee County, Florida, and therefore conducts business within the jurisdiction of this Honorable Court.

13.     The Plaintiff is a covered employee, who was an employee of Defendant at all relevant times, performing work in Lee County, Florida.

14.     At all times material hereto, Plaintiff was an "employee," "person," "aggrieved person," and "qualified individual" as defined by 29 U.S.C. § 630, 42 USC § 12111, 42 U.S.C. § 2000e, the ADA and FCRA, Fla. Stat. § 760.02.

15.     MidFlorida, at all times pertinent hereto, has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

16.     At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630, the ADA, 42 USC § 12111(5), and Fla. Stat. § 760.02.

17.     The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

    c. The Plaintiff is filing this action within 90 days of receipt of a Notice of Right to Sue.

18.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## PROCEDURAL REQUIREMENTS

19.     Plaintiff has complied with all conditions precedent in filing this action, to wit;

20.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about November 1, 2022.

21.     Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about May 2, 2023.

22.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **FACTUAL ALLEGATIONS**

23.     Plaintiff is a proud 59-year-old, dark complexioned, African American, disabled woman.

24.     At all times material, the Plaintiff was employed by the Defendant as a Relationship Banker, at Defendant's Cape Coral Branch, located at 804 Cape Coral Pkwy E., Cape Coral, Florida, from on or around August 20, 2021, until her wrongful termination on or around August 30, 2022.

25.     Prior to beginning her employment, Plaintiff advised Defendant of an injury she suffered to her foot and leg which rendered Plaintiff disabled, because her injuries affected her from engaging in activities such as, walking, standing, lifting, bending, caring for herself, performing manual tasks, working, etc. At the time of hire, Plaintiff and Defendant agreed that Plaintiff would not be required to travel long distances for work due to her disabilities.

26.     The Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

27.    The Plaintiff was never written up by the Defendant.

28.    Plaintiff initially trained at Defendant's Lakeland, Florida location but was assigned to work at its Cape Coral Branch.

29.    Several weeks after her employment began, Plaintiff realized that the Branch Manager, Kelley Lynn ("Manager Lynn"), treated Plaintiff with disrespect. Specifically, Manager Lynn continuously yelled at and belittled Plaintiff in front of the Bank's customers and Defendant's employees who were Plaintiff's supervisors, managers and co-workers.

30.    Based on information and belief, Plaintiff believes that, at all relevant times, Manager Lynn was a White Caucasian female, approximately thirty-five (35) years old, who did not suffer from any medical disability or handicap.

31.    Plaintiff noticed that Manager Lynn did not yell and belittle Defendant's other employees who were not dark complexioned, African American, and/or disabled/handicapped.

32.    Manager Lynn's conduct toward Plaintiff made Plaintiff feel humiliated and discriminated against and caused Plaintiff severe emotional distress.

33.    During or around April 2022, Plaintiff built up enough courage to finally confront Manager Lynn about her conduct towards Plaintiff and politely asked Manager Lynn to treat her with respect. After speaking with Manager Lynn, Plaintiff was encouraged because Manager Lynn seemed to acknowledge Plaintiff's request.

34.    However, Plaintiff's positive outlook was short lived, and she once again felt singled out and discriminated against, when, in or around February of 2022, Manager Lynn advised Plaintiff that she had to travel out of town for training. Plaintiff was surprised because Defendant was aware of her medical condition and agreed that it would not require Plaintiff to travel long distances for work due to her medical condition that rendered Plaintiff disabled.

35.    After Manager Lynn advised Plaintiff that she would nevertheless be required to travel out of town for training, Plaintiff requested that Manager Lynn reconsider her demand, but Manager Lynn continued to insist that Plaintiff travel out of town.

36.    Thereafter, Plaintiff contacted Defendant's Human Resources department ("HR") to explain her situation, and to receive clarification on why she was now being forced to travel a long distance for work.

37.    HR did nothing and Plaintiff was still required to travel the long distance, or risk being terminated from her employment.

38.    Thereafter, a co-worker, Carol (ULN) ("Ms Carol"), approached Plaintiff and told her that before Defendant hired Plaintiff, there were not any Black/African American people employed at the Cape Coral Branch. Ms. Carol further explained that Manager Lynn stated to her that she never wanted to hire Black people because they "can't be controlled."

39.    Plaintiff was offended when she learned of Manager Lynn's comments prior to her employment, but better understood Manager Lynn's discriminatory

and hostile behavior toward her. Plaintiff also better understood some of the comments Manager Lynn made during her employment, such as, one of the more offensive comments, "you are smart for a Black girl."

40.     When Manager Lynn made her discriminatory statements, she often times made them in the presence of the Bank's customers and Defendant's employees who were Plaintiff's supervisors, managers and co-workers.

41.     Plaintiff noticed that Manager Lynn did not make these or other discriminatory statements to Defendant's other employees who were not dark complexioned, African American, and/or disabled.

42.     Plaintiff objected to the statements and Manager Lynn's discriminatory behavior, but Defendant ignored Plaintiff, and nothing was done to end the discriminatory conduct.

43.     Manager Lynn's conduct toward Plaintiff made Plaintiff feel discriminated and retaliated against based on her disability, race and the color of Plaintiff's skin.

44.     Despite her discriminatory and retaliatory work environment, Plaintiff continued to perform her job well.

45.     Although Plaintiff continued to perform her job well, her work environment became increasingly more discriminatory and hostile. For example, on or about August 7, 2022, Plaintiff's co-worker James (ULN) ("James"), made a comment to Plaintiff that she must have "5 kids" after Plaintiff informed James that she was not married. When Plaintiff asked James why he thought she had 5

8

kids, James responded by stating "well, most...(paused) women have 5 kids." Plaintiff objected and became very upset because she knew that James intended on saying "Black women" as opposed to "women", which Plaintiff perceived to be sexist and racially discriminatory.

46.    Plaintiff believed that James, at all relevant times, was a White, Caucasian male, who did not suffer from any disabilities or handicaps.

47.    James made his discriminatory statement in the presence of others, and once against Plaintiff was singled out, discriminated against and humiliated in the presence of her coworkers.

48.    Plaintiff noticed that her other co-workers who were not female, dark complexioned, African American, and/or disabled/handicapped, were not treated or spoken to in the same manner by other co-workers, supervisor and/or managers.

49.    Plaintiff suffered severe emotional distress, caused by the discriminatory and retaliatory work environment.

50.    Plaintiff reported the discriminatory comment to management and to Defendant's HR, and nothing was done.

51.    Then, on or about August 30, 2022, Defendant terminated Plaintiff's employment.

52.    As an excuse for Plaintiff's termination, Defendant claimed that Plaintiff called one of her co-workers a "snitch," which is not true, never happened, and clearly is pretext. Plaintiff did not do what Defendant is accusing her of doing;

rather, this demonstrates Defendant's attempted cover up for its unlawful termination of Plaintiff's employment.

53.     After Defendant terminated Plaintiff, Defendant hired a younger, non-African American employee to replace Plaintiff.

54.     All conditions precedent to bringing this action have occurred, been performed or been excused.

55.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I:**
**42 U.S.C.A. § 1981 - RACE DISCRIMINATION**
**(DISPARATE TREATMENT)**

56.     The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 55 of this Complaint.

57.     The Plaintiff is a member of a protected class of darker complexioned, African American citizens.

58.     At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

59.     During the course of the Plaintiff's employment with MidFlorida, the Defendant violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-African American citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

10

60.     During the course of the Plaintiff's employment with MidFlorida, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-African American employees of the Defendant.

61.     The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 23 - 55 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

62.     The Defendant' treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 23 - 55, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

63.     Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race.

64.     During the course of the Plaintiff's employment with MidFlorida, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 23 - 55 of this Complaint.

65.     MidFlorida, at all times, had knowledge of the discriminatory acts and conduct of its managers, supervisors and other employees, and of all other discriminatory actions described in paragraphs 23 - 55 above.

66.     Despite MidFlorida's knowledge of the ongoing discrimination, it failed to take remedial action.

67.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

68.     As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

69.     The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.   Enter judgment in the Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.   Award the Plaintiff actual damages suffered;

c.   Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.   Award the Plaintiff prejudgment interest on her damages award;

e.   Award the Plaintiff punitive damages;

f.   Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.   Award the Plaintiff reasonable costs and attorneys' fees; and

h.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## <u>42 U.S.C.A. § 1981 - RACE DISCRIMINATION (RETALIATION)</u>

71.     The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 55 of this Complaint.

72.     The Plaintiff is a member of a protected class of African American citizens.

73.     At all times relevant, the Plaintiff was in a contractual relationship with MidFlorida was within the meaning of 42 U.S.C.A. § 1981, as amended.

74.     During the course of the Plaintiff's employment with MidFlorida, the Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non- African American employees, in violation of 42 U.S.C.A. § 1981(b), as amended.

75.     During the course of the Plaintiff's employment with MidFlorida, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non- African American employees of the Defendant.

76.     The Defendant' treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 23 - 55 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-African American employees, in violation of 42 U.S.C.A. § 1981, as amended.

77.     The Defendant' treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 23 - 55 denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-African American employees, in violation of 42 U.S.C.A. § 1981, as amended.

78.     Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race.

79.     Despite MidFlorida's knowledge of the ongoing discrimination, it failed to take remedial action.

80.     Plaintiff complained about race discrimination.

81.     In response, the Defendant terminated Plaintiff's employment.

82.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

83.     As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

84.     The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award the Plaintiff actual damages suffered;

c.  Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C.A. § 1981 –
## RACE DISCRIMINATION (HOSTILE WORK ENVIRONMENT)

85.  The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 55 of this Complaint.

86.  The Plaintiff is a member of a protected class of African American citizens.

87.  At all times relevant, the Plaintiff was in a contractual relationship with MidFlorida within the meaning of 42 U.S.C.A. § 1981, as amended.

88.  During the course of the Plaintiff's employment with MidFlorida, the Defendant has violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981(b), as amended.

89.     During the course of the Plaintiff's employment with MidFlorida, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-African American employees of the Defendant.

90.     The Defendant' treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 23 - 55 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-African American, in violation of 42 U.S.C.A. § 1981, as amended.

91.     The Defendant' treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 23 - 55, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-African American employees, in violation of 42 U.S.C.A. § 1981, as amended.

92.     Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race.

93.     During the course of the Plaintiff's employment with MidFlorida, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 23 - 55 of this Complaint.

94.     MidFlorida, at all times, had knowledge of the constant, pervasive and severe discriminatory acts and conduct of its managers, supervisors, employees and of all other discriminatory actions described in paragraphs 23 - 55 above.

95.     Despite MidFlorida's knowledge of the ongoing discrimination, it failed to take remedial action.

96.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

97.     As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

98.     The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award the Plaintiff actual damages suffered;

c.  Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff punitive damages;

f.  Enjoin the Defendant, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

g.  Award the Plaintiff reasonable costs and attorneys' fees; and

h.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT IV:**
**TITLE VII - RACE AND COLOR DISCRIMINATION**
**(DISPARATE TREATMENT)**

99.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 55 above as if set out in full herein.

100.     Plaintiff is a member of a protected class of African American citizens.

101.     At all times material, MidFlorida intentionally engaged in unlawful employment practices and discrimination by, *inter alia*, treating Plaintiff differently from similarly situated employees in the terms and conditions of her employment because of her race and color when, on several occasions, Mid-Florida failed to investigate its employees' discriminatory and hostile behavior, reprimand or discipline the bad actors, and stop the discriminatory and hostile conduct Plaintiff was subjected to from reoccurring. Particularly, MidFlorida intentionally in unlawful employment practices and discrimination when, after learning of its employees' conduct toward Plaintiff through Plaintiff's complaints to Defendant's management and Human Resources office, it allowed Manager Lynn and its other employees to continuously discriminate, retaliate and harass Plaintiff, by subjecting Plaintiff to constant yelling, belittling and derogatory statements such as "you are smart for a African American girl", in the presence of MidFlorida's customers and employees who were Plaintiff's supervisors, managers and co-workers.

102.     The Plaintiff's race was a motivating factor that caused the Defendant to discriminate against the Plaintiff.

18

103.   Plaintiff noticed that MidFlorida did not allow any of its employees who were not African American to be subjected to the same type of disparate treatment.

104.   The disparate treatment of Plaintiff by MidFlorida was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with MidFlorida.

105.   MidFlorida, as Plaintiff's employer, was responsible for maintaining a working environment free from discrimination.

106.   As a direct and proximate result of the intentional violations by MidFlorida, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

107.   Furthermore, as a direct and proximate result of such actions by MidFlorida, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of MidFlorida's conduct.

108.   The unlawful employment practices complained of herein and the actions of MidFlorida and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count IV of this Complaint and from harassing Plaintiff in any manner whatsoever;

b.  Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count IV of this Complaint, and from all other forms of harassment in the future;

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action;

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical;

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated;

f.  Award the Plaintiff compensatory damages for her emotional suffering;

g.  Award the Plaintiff punitive damages;

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k); and

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT V:
## TITLE VII - RACE AND COLOR DISCRIMINATION (RETALIATION)

109.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 55 above as if set out in full herein.

110.   Plaintiff is a member of a protected class of African American citizen.

111.   At all times material, MidFlorida intentionally engaged in unlawful employment practices and discrimination by, *inter alia*, treating Plaintiff differently from similarly situated employees in the terms and conditions of her

employment because of her race and color when, on several occasions, Mid-Florida failed to investigate its employees' discriminatory and hostile behavior, reprimand or discipline the bad actors, and stop the discriminatory and hostile conduct Plaintiff was subjected to from reoccurring. Particularly, MidFlorida intentionally engaged in unlawful employment practices and discrimination when, after learning of its employees' conduct toward Plaintiff through Plaintiff's complaints to Defendant's management and Human Resources office, it allowed Manager Lynn and its other employees to continuously discriminate, retaliate and harass Plaintiff, by subjecting Plaintiff to constant yelling, belittling and derogatory statements such as "you are smart for a African American girl", in the presence of MidFlorida's customers and employees who were Plaintiff's supervisors, managers and co-workers.

112.  Plaintiff engaged in protected activity when she rejected and complained of Manager Lynn's and Defendant's other employees' discriminatory, retaliatory and hostile conduct and statements, and when she complained to MidFlorida's management and human resources office about the unwelcomed treatment on numerous occasions.

113.  MidFlorida intentionally engaged in unlawful employment practices and retaliation by ignoring Plaintiff's complaints about the unwelcomed treatment on numerous occasions and terminating Plaintiff's employment. In other words, the Plaintiff complained about discrimination, and then, as a result, she was terminated.

21

114.   MidFlorida thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment.

115.   As a direct and proximate result of the intentional violations by MidFlorida, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

116.   Furthermore, as a direct and proximate result of such actions by MidFlorida, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of MidFlorida's conduct.

117.   The unlawful employment practices complained of herein and the actions of MidFlorida and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.   Issue an order enjoining the Defendant to cease and desist from the conduct described in Count V of this Complaint and from harassing the Plaintiff in any manner whatsoever;

b.   Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count V of this Complaint, and from all other forms of harassment in the future;

c.   Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action;

d. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical;

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated;

f. Award the Plaintiff compensatory damages for her emotional suffering;

g. Award the Plaintiff punitive damages;

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k); and

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT VI:**
**TITLE VII - RACE AND COLOR DISCRIMINATION**
**(HOSTILE WORK ENVIRONMENT)**

118.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 55 above as if set out in full herein.

119.    The Plaintiff is an African American citizen and as such is a member of a group protected under Title VII from discrimination on the basis of race and color.

120.    Plaintiff was and is qualified for her position.

121.    Commencing on or about August 20, 2021, Manager Lynn engaged in a persistent pattern of severe and pervasive harassment involving discriminatory, racist, derogatory, disparaging, and humiliating comments, statements, references, and treatment, as detailed in 23 - 55, which created a hostile

environment for Plaintiff in the workplace. Particularly, during the course of Plaintiff's employment with MidFlorida, Plaintiff was subjected to a hostile work environment when Manager Lynn persistently yelled at and belittled Plaintiff and made derogatory statements to and about Plaintiff. Plaintiff was further subjected to a hostile work environment when she complained to MidFlorida's Human Resources office, and she was ignored, and nothing was done.

122.    The Plaintiff did not welcome the conduct described in paragraphs 23 - 55, and advised MidFlorida that such conduct was unwelcome.

123.    The Plaintiff was subjected to harassment because of her race and dark complexion.

124.    The harassment adversely affected the Plaintiff's psychological well-being.

125.    The harassment unreasonably interfered with the Plaintiff's work performance.

126.    The harassment to which the Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable woman.

127.    The harassment was sufficiently widespread, pervasive, and prevalent in the Defendant' workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

128.    The Plaintiff gave the Defendant actual notice of the race and color discrimination when she complained to MidFlorida's management and human resources office, on multiple occasions, throughout her employment.

129.    The Corporate Defendant failed to investigate the Plaintiff's complaints.

130.    The Corporate Defendant failed to take adequate remedial action.

131.    The harassment continued to occur following the Plaintiff's complaint and the Defendant's response.

132.    Manger Lynn was acting within the scope of her employment and furthering the objectives of the Corporate Defendant, as the Defendant's manager, by harassing the Plaintiff when she yelled at and belittled Plaintiff and made derogatory statements to and about Plaintiff.

133.    The Plaintiff sustained emotional suffering and injury attributable to the harassment.

134.    The Corporate Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count VI of this Complaint and from harassing the Plaintiff in any manner whatsoever;

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count VI of this Complaint, and from all other forms of harassment in the future;

25

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action;

d. Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical;

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated;

f. Award the Plaintiff compensatory damages for her emotional suffering;

g. Award the Plaintiff punitive damages;

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k); and

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT VII:**
**FCRA - RACE AND COLOR DISCRIMINATION**
**(DISPARATE TREATMENT)**

135.    The Plaintiff re-states and re-alleges paragraphs 1 through 55 as if set forth in full herein.

136.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, national origin, handicap, or marital status."

137.   The Plaintiff is a member of a protected class of African American, dark complexioned, citizens.

138.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race and color, as more fully described in paragraphs 23 - 55 of this Complaint.

139.   The discriminatory conduct referred to in paragraphs 23 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

140.   The Plaintiff was subjected to the conduct referred to in this Complaint because she is an African American, darker complexioned citizen.

141.   Similarly situated employees who are not African American and darker complexioned were not subjected to the conduct described and referred to in paragraphs 23 - 55 of this Complaint.

142.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race and the color of her skin, as more fully described in paragraphs 23 - 55.

143.   The Plaintiff was and is qualified for her position while working for the Defendant.

144.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of race and skin color, in the terms, conditions, and privileges of her employment.

145.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

146.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her race and the color of her skin.

147.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

148.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT VIII:
## FCRA - RACE AND COLOR DISCRIMINATION (RETALIATION)

149.   The Plaintiff re-states and re-alleges paragraphs 1 - 55 as if set forth in full herein.

150.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

151.   The Plaintiff is a member of protected class of African American, darker complexioned, citizens.

152.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

153.   Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

154.    The discriminatory conduct referred to in paragraphs 23 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

155.    The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, Manager Lynn yelled at and belittled Plaintiff and made derogatory statements to and about Plaintiff.

156.    The Plaintiff was and is qualified for her position while working for the Defendant.

157.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

158.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

159.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

160.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

30

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h. Grant such other and further relief, as the Court deems just and proper.

**COUNT IX:**
**FCRA – RACE AND COLOR DISCRIMINATION**
**(HOSTILE WORK ENVIRONMENT)**

161.    The Plaintiff re-states and re-alleges paragraphs 1 through 55 as if set forth in full herein.

162.    The Plaintiff is an African American, darker complexioned, and as such is a member of a group protected under the FCRA on the basis of her race and the color of her skin.

163.    Commencing on or about August 20, 2021, MidFlorida engaged in a persistent pattern of severe and pervasive harassment involving (description of harassing conduct), which created a hostile environment for Plaintiff in the workplace.

31

164.    The Plaintiff did not welcome the conduct described in paragraphs 23 - 55, and advised Defendant's managers and human resources office that such conduct was unwelcome.

165.    The Plaintiff was subjected to harassment because of her race and the color of her skin.

166.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

167.    The Plaintiff is a member of protected class of African American, darker complexioned, citizens.

168.    During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race and color of her skin, as more fully described in paragraphs 23 - 55 of this Complaint.

169.    The discriminatory conduct referred to in paragraphs 23 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

170.    The Plaintiff was subjected to the conduct referred to in this Complaint because she is an African – American, darker complexioned citizen.

171.    Similarly situated employees who are not African American and darker complexioned were not subjected to the conduct described and referred to in paragraphs 23 - 55 of this Complaint.

172.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race and the color of her skin, as more fully described in paragraphs 23 – 55.

173.    The Plaintiff was and is qualified for his position while working for the Defendant.

174.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her race and the color of her skin in the terms, conditions, and privileges of her employment.

175.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

176.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her race and color.

177.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

178.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d.  Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT X:
## ADA - DISABILITY DISCRIMINATION (DISPARATE TREATMENT)

179.    The Plaintiff repeats and re-alleges paragraphs 1 - 55 as if fully stated herein.

180.    The Plaintiff suffered injury to her foot and leg which rendered Plaintiff disabled.

181.   The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

182.   The Defendant was aware of the Plaintiff's medical condition, including the specific cause for her condition.

183.   At all times during her employment, the Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

184.   The Plaintiff intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

185.   The Defendant terminated the Plaintiff because of her disability, in violation of the ADA.

186.   Plaintiff was disabled in that her injuries affected her major life activities, such as walking, standing, lifting, bending, caring for herself, performing manual tasks, working, etc.

187.   As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

188.   Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award the Plaintiff prejudgment interest on her damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XI:**
**ADA - DISABILITY DISCRIMINATION (RETALIATION)**

189.   The Plaintiff repeats and re-alleges paragraphs 1 - 55 as if fully stated herein.

190.   The Plaintiff informed the Defendant of the discrimination and lack of accommodation she suffered in or around February of 2022, when Manager Lynn demanded that Plaintiff travel out of town for training, despite the Parties agreement that Plaintiff would not be required to travel long distances for work due to her medical condition that rendered her disabled.

191.   The Defendant subsequently terminated the Plaintiff and alleged that Plaintiff called one of her co-workers a "snitch," which is not true, never happened, and clearly is pretext. Plaintiff did not do what Defendant is accusing her of doing; rather, this demonstrates Defendant's attempted cover up for its unlawful termination of Plaintiff's employment.

192.    The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for her protected activity under the ADA.

193.    The Defendant violated the ADA or acted with reckless disregard for whether its actions were prohibited.

194.    As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

195.    Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

e.  Award the Plaintiff prejudgment interest on her damages award;

f.  Award the Plaintiff reasonable costs and attorneys' fees; and

g.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT XII:**
**ADA - DISABILITY DISCRIMINATION**
**(FAILURE TO ACCOMMODATE)**

196.   The Plaintiff repeats and re-alleges paragraphs 1 - 55 as if fully stated herein.

197.   The Plaintiff suffered injury to her foot and leg which rendered Plaintiff disabled because her injuries affected her major life activities, such as walking, standing, lifting, bending, caring for herself, performing manual tasks, working, etc.

198.   The Plaintiff's condition qualified as a disability or was regarded as a disability by the Defendant, within the meaning of the ADA.

199.   The Plaintiff requested a reasonable accommodation for her disability as described in the General Allegations section of this Complaint.

200.   The Defendant did not make a good faith effort to assist the Plaintiff in seeking accommodation.

201.   The Plaintiff could have been reasonably accommodated but for the Defendant's lack of good faith.

202.   The Defendant could have reasonably accommodated the Plaintiff, without any undue hardship to its business, but failed to do so.

203.   Instead of reasonably accommodating the Plaintiff in good faith, the Defendant terminated the Plaintiff shortly after she lodged a complaint against her supervisor and complained about Defendant's failure to accommodate her.

204.    As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

205.    Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

b.  Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award the Plaintiff prejudgment interest on her damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees; and

f.  Grant the Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT XIII:
### FCRA - HANDICAP DISCRIMINATION (DISPARATE TREATMENT)

206.    The Plaintiff re-states and re-alleges paragraphs 1 through 55 as if set forth in full herein.

207.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to

fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

208.   The Plaintiff is a member of the protected class of handicap citizens.

209.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of handicap or perceived handicap, as more fully described in paragraphs 23 – 37, 42 – 45, and 48 - 55 of this Complaint.

210.   The discriminatory conduct referred to in paragraphs 23 – 37, 42 – 45, and 48 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

211.   The Plaintiff was subjected to the conduct referred to in this Complaint because she is handicap or perceived handicap.

212.   Similarly situated employees who are not handicapped or perceived to be handicapped were not subjected to the conduct described and referred to in paragraphs 23 – 37, 42 – 45, and 48 - 55 of this Complaint.

213.   During the course of the Plaintiff's employment with MidFlorida, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or perceived handicap, as more fully described in paragraphs 23 – 37, 42 – 45, and 48 - 55.

214.    The Plaintiff was and is qualified for her position while working for the Defendant.

215.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of her handicap or perceived handicap in the terms, conditions, and privileges of her employment.

216.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

217.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her injuries to her leg and foot which rendered her handicap or caused Defendant to perceive her as handicap.

218.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

219.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation

41

with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d.  Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h.  Grant such other and further relief as the Court deems just and proper.

**COUNT XIV:**
**FCRA - HANDICAP DISCRIMINATION (RETALIATION)**

220.   The Plaintiff re-states and re-alleges paragraphs 1 through 55 as if set forth in full herein.

221.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

222.   The Plaintiff is a member of the protected class of handicap citizens.

223.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her complaints about discrimination.

224.   Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

225.   The discriminatory conduct referred to in paragraphs 23 – 37, 42 – 45, and 48 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

226.   The Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, the Plaintiff informed the Defendant of the discrimination and lack of accommodation she suffered in or around February of 2022, when Manager Lynn demanded that Plaintiff travel out of town for training, despite the Parties agreement that Plaintiff would not be required to travel long distances for work due to her medical condition that rendered her disabled.

227.   The Plaintiff was and is qualified for her position while working for the Defendant.

228.   The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of her complaints about discrimination.

229.   As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

230.  The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

231.  The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d.  Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h.  Grant such other and further relief, as the Court deems just and proper.

## COUNT XV:
## TITLE VII - SEX DISCRIMINATION (DISPARATE TREATMENT)

232.  The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 - 55 above as if set out in full herein.

233.  The Plaintiff is a member of protected class of female citizens.

44

234.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her sex, as more fully described in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55 of this Complaint.

235.   The discriminatory conduct referred to in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

236.   The Plaintiff was subjected to the conduct referred to in this Complaint because she is a female.

237.   Similarly situated employees who were not female, were not subjected to the conduct described and referred to in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55 of this Complaint.

238.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her sex, as more fully described in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55.

239.   The Plaintiff's sex was a motivating factor that caused the Defendant to discriminate against the Plaintiff. For example, Plaintiff's co-worker James (ULN) ("James"), made a comment to Plaintiff that she must have "5 kids" after Plaintiff informed James that she was not married. When Plaintiff asked James why he thought she had 5 kids, James responded by stating "well, most...(paused) women have 5 kids."

240.   Plaintiff objected and became very upset because she perceived James' statement to be sexist.

241.   The Plaintiff sustained emotional suffering and injury attributable to the discrimination.

242.   The Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count XIX of this Complaint and from harassing Plaintiff in any manner whatsoever;

b.  Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count XIX of this Complaint, and from all other forms of harassment in the future;

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action;

d.  Order reinstatement of the Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical;

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated;

f.  Award the Plaintiff compensatory damages for her emotional suffering;

g.  Award the Plaintiff punitive damages;

h.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k); and

i.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT XVI:
## FCRA - SEX DISCRIMINATION (DISPARATE TREATMENT)

243.   The Plaintiff re-states and re-alleges paragraphs 1 through 55 as if set forth in full herein.

244.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

245.   The Plaintiff is a member of protected class of female citizens.

246.   During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her sex, as more fully described in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 – 55 of this Complaint.

247.   The discriminatory conduct referred to in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

248.   The Plaintiff was subjected to the conduct referred to in this Complaint because she is a female.

249.    Similarly situated employees who are not female were not subjected to the conduct described and referred to in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55 of this Complaint.

250.    During the course of the Plaintiff's employment with MidFlorida the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because she is female, as more fully described in paragraphs 23 – 24, 26 – 28, 34 – 37, and 45 - 55.

251.    The Plaintiff was and is qualified for his position while working for the Defendant.

252.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because she is female in the terms, conditions, and privileges of her employment.

253.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

254.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her sex.

255.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat.  § 760.10.

256. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d. Order the Defendant to make the Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees; and

h. Grant such other and further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: June 7, 2023.

Respectfully submitted,

By: _s/ Tanesha Walls Blye_
Tanesha W. Blye, Esquire
Fla. Bar No.:  0738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*